19MISC468

Marc P. Berger
Sanjay Wadhwa
Wendy Tepperman                                                JUDGE FAILLA
Paul G. Gizzi
Bennett Ellenbogen
Attorneys for Applicant
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-0077 (Gizzi)
Email: gizzip@sec.gov
(212) 336-0062 (Ellenbogen)
Email: ellenbogenb@sec.gov


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                                                        :
                                      Applicant,    :          19-MISC-_____
        - against -                                      :
                                                                        :          ECF CASE
JAMES DAVID O'BRIEN,                                 :
                                                                        :
                                      Respondent.    :
-------------------------------------------------------------------x

## SECURITIES AND EXCHANGE COMMISSION'S
## APPLICATION FOR AN ORDER TO SHOW CAUSE AND
## FOR AN ORDER REQUIRING COMPLIANCE WITH SUBPOENA

        The Securities and Exchange Commission ("Commission"), by its undersigned counsel,

respectfully submits this Application for an Order to Show Cause and for an Order Requiring

Compliance with Subpoena ("Application"), together with a proposed order to show cause, a

memorandum in support, the Declaration of Bennett Ellenbogen ("Ellenbogen Declaration"), and

exhibits thereto, based on the following:

        1.        Respondent James David O'Brien ("O'Brien"), a resident of Gibbsboro, New

Jersey, has refused to comply with a lawful Commission investigative subpoena.  The subpoena

requires O'Brien to provide investigative testimony in the Commission's non-public investigation entitled *In the Matter of American River Bankshares (TISO)* (Internal File No. NY-9615) (the "American River Investigation").

2.     On February 17, 2017, the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony (the "Formal Order") in the American River Investigation.  That order, along with two supplemental orders respectively dated May 14 and June 6, 2019 (the "Supplemental Orders"), designates certain individuals—including individuals who work in the Commission's New York Regional Office in Manhattan—as officers of the Commission empowered to issue subpoenas and take evidence in the American River Investigation.  As these orders make clear, the Commission's statutory authority to conduct the American River Investigation arises under Sections 19(c) and 20(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77s(c) and 77t(a), and Sections 21(a) and (b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(a) and (b).

3.     Pursuant to the Formal and Supplemental Orders, the Commission is investigating, among other things, potential market manipulation in the securities of American River Bankshares and other issuers, which may constitute violations of various provisions of the federal securities laws.

4.     On May 15, 2019, the Commission staff issued a Commission investigative subpoena for testimony to O'Brien (the "2019 Subpoena") pursuant to the Formal Order and the first Supplemental Order.  The Commission staff served the 2019 Subpoena on O'Brien by sending it to his counsel, who agreed to accept service, by United Parcel Service overnight delivery and email.  The 2019 Subpoena required O'Brien to provide sworn testimony at the Commission's New York Regional Office on June 19, 2019 at 10:00 a.m.

5.     On May 21, 2019, O'Brien's counsel acknowledged receipt of the 2019 Subpoena and indicated that counsel was unavailable on June 19, 2019.  The Commission staff and O'Brien's counsel then agreed upon the mutually convenient date of July 23, 2019 for O'Brien's testimony.

6.     On July 10, 2019, O'Brien's counsel wrote to the Commission staff requesting an agreement that the testimony would be pursuant to a proffer agreement, given that O'Brien had provided a voluntary interview to the Commission staff the prior year pursuant to a proffer agreement.[1]

7.     On July 15, 2019, the Commission staff informed O'Brien's counsel that the 2019 Subpoena sought O'Brien's testimony under oath, not pursuant to a proffer agreement.

8.     On July 17, 2019, O'Brien's counsel informed the Commission staff that O'Brien was not yet ready to assert his Fifth Amendment privilege against self-incrimination or otherwise refuse to testify but that O'Brien would not appear for his scheduled testimony.

9.     The Commission staff then engaged in an oral and written dialogue with O'Brien's counsel to try to obtain compliance with the 2019 Subpoena without judicial intervention.  Nevertheless, O'Brien's counsel reiterated that O'Brien would not appear for investigative testimony pursuant to the 2019 Subpoena.

8.     On July 23, 2019, the Commission staff, as it had previously noted to O'Brien's counsel that it would do, appeared for O'Brien's testimony pursuant to the 2019 Subpoena. O'Brien failed to appear.

---

[1]     The proffer agreement, a standard-form agreement routinely used by the Commission staff for voluntary proffers, provides that, except in limited circumstances described in the agreement, the Commission cannot use O'Brien's proffer statements against him in any subsequent Commission enforcement proceeding against him.  As the proffer agreement's terms make clear, the agreement applies only to the specific proffer interview identified in the agreement.

3

10.    The Commission therefore respectfully submits this Application for an Order to Show Cause, in the form attached, requiring O'Brien to show cause why he should not be ordered to appear for testimony pursuant to the 2019 Subpoena.

11.    The Commission further requests that, absent just cause for O'Brien's failure to comply with the 2019 Subpoena, the Court enter an Order requiring O'Brien to obey the 2019 Subpoena and appear for testimony within thirty (30) days of being so ordered.

12.    The Court has jurisdiction over this matter and venue properly lies within the Southern District of New York, pursuant to Section 22(b) of the Securities Act, 15 U.S.C. § 77v(b), and Section 21(c) of the Exchange Act, 15 U.S.C. § 78u(c).

WHEREFORE, the Commission respectfully requests:

## I.

That the Court enter an Order to Show Cause, directing O'Brien to show cause why this Court should not enter an order requiring O'Brien to appear for testimony pursuant to the 2019 Subpoena.

## II.

That the Court enter an order requiring O'Brien to comply fully with the 2019 Subpoena within thirty (30) days.

## III.

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the 2019 Subpoena within the time set forth in the proposed Order to Show Cause.

Dated: October 18, 2019
    New York, NY

SECURITIES AND EXCHANGE COMMISSION

By:    _____

Marc P. Berger
Sanjay Wadhwa
Wendy Tepperman
Paul G. Gizzi
Bennett Ellenbogen
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-0067 (Gizzi)
Email: gizzip@sec.gov
(212) 336-0062 (Ellenbogen)
Email: ellenbogenb@sec.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

19MISC468

JUDGE FAILLA

------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :

                  **Applicant,**    :       19-MISC-_____

  - against -    :

                        :       **ECF CASE**

**JAMES DAVID O'BRIEN,**    :

                **Respondent.**    :
------------------------------------------------------------x

### [PROPOSED] ORDER TO SHOW CAUSE

WHEREAS, the Securities and Exchange Commission ("Commission") applied for an order directing Respondent James David O'Brien ("O'Brien") to show cause why he should not be ordered to appear for testimony as called for by the Commission's investigative subpoena served on O'Brien on May 15, 2019 (the "Subpoena");

WHEREAS, the Court has considered the application filed by the Commission and the memorandum of law and declaration, with exhibits, filed in support of the application;

WHEREAS, based upon these documents, the Court is satisfied that the Commission has made a sufficient and proper showing in support of the relief sought in its application, and therefore:

### I.

**IT IS HEREBY ORDERED** that O'Brien shall appear before this Court at _____ __.m. on _____ ____, 2019 in Room ____ of the United States Courthouse, _____, New York, NY 10007, to show cause why the Court should not issue an Order:

(a) directing O'Brien to appear for testimony at the Commission's offices in the New York Regional Office in response to the Subpoena no later than _____ __, 2019;

(b) directing that, in the event that O'Brien does not appear for his testimony described in paragraph (a) by the date specified above in the paragraph,

(i) the Commission will have established a *prima facie* case of civil contempt against O'Brien for his failure to comply with the Order directing him to appear for testimony; and

(ii) O'Brien may be held in civil contempt for failure to comply with that Order without further notice or hearing; and

(c) granting the relief in the foregoing paragraphs (a) through (b) in the event that O'Brien fails to appear before this Court at _____ __.m. on _____ __, 2019 in Room ____ of the United States Courthouse, _____, New York, NY 10007.

## II.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's application be served upon O'Brien by transmitting the papers to O'Brien or his counsel in this matter on or before _____ ___, 2019 by email, facsimile, personal service, any overnight mail delivery service, or any method that would satisfy the requirements for service of process under Federal Rule of Civil Procedure 4.

## III.

**IT IS FURTHER ORDERED** that O'Brien shall file and serve any opposing papers in response to the application no later than _____ ___, 2019 at 5:00 p.m.  Service shall be made by delivering the papers via email to gizzip@sec.gov and ellenbogenb@sec.gov.  The Commission shall file and serve any reply papers by _____ ___, 2019 at _____ __.m. The Commission shall serve any reply papers on O'Brien or his counsel by email, facsimile, courier, or any overnight mail delivery service.

SO ORDERED

Dated: _____, 2019
        New York, NY

_____
UNITED STATES DISTRICT JUDGE