# Exhibit 10

# Gizzi, Paul

| | |
|---|---|
| **From:** | John Hanamirian <jmh@hanamirian.com> |
| **Sent:** | Wednesday, July 17, 2019 10:35 AM |
| **To:** | Ellenbogen, Bennett |
| **Cc:** | Tepperman, Wendy B.; Gizzi, Paul |
| **Subject:** | RE: American River Bankshares (NY-09615) |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ben:

1. On May 8, 2018, your Office issued a Subpoena for my client to "give us documents and provide sworn testimony" in the matter of American River Bank Shares;
2. On a parallel basis, the United States Attorneys Office on behalf of the FBI sought to compel my client's testimony in the matter of American River Bank Shares;
3. In response to both Offices, my client produced thousands of pages of documents;
4. In further response to both your Office and the United States Attorneys' Office, my client responded to the effort to compel his oral testimony with an offer of proffer, which both your Office and the Untied States Attorneys' Office accepted and each provided their form of proffer agreement for execution;
5. On August 21, 2018, my client provided his proffer pursuant to the terms of those separate executed Proffer Agreements with your Office and the United States Attorneys' Office and was interviewed for approximately 3 hours in Newark NJ;
6. You participated fully in the Proffer questioning and my client responded to each of your questions;
7. After the Proffer session, you followed up via email and telephone with additional questions and requests for further documentation and my client responded;
8. On May 15, 2019, your Office again issued a Subpoena in the matter of American River Banks Shares, this time for oral testimony only and accompanying the Subpoena were Forms 1662;
9. In advance of what we understood would be "making a record of the Proffer testimony", we tentatively agreed to respond to the May 15, 2019 Subpoena;
10. I then sent an email seeking to confirm that the 2018 Proffer Agreement terms remained in place for this anticipated further oral testimony;
11. You advised that was not the case, but rather that the Proffer was complete and this is an independent Subpoena requiring an independent response; and
12. You further advised that if my client intended to assert the 5th Amendment "privilege", you would like to know in advance.

My client is not yet ready to assert any 5th Amendment "right" or otherwise refuse to provide further oral testimony, but again would like an understanding of this procedural process and why it is that you issued another Subpoena in the same matter for which we provided production and oral testimony pursuant to the terms of a Proffer Agreement nearly a year ago?

1



John M. Hanamirian, Esq.
Hanamirian Law Firm, P.C.
40 E. Main Street
Moorestown NJ 08057
*"Olde Town Hall"*
30 Wall Street
New York, NY 10005
856-793-9092 (O)
856-793-9121 (F)
215-660-0000 (M)
jmh@hanamirian.com
Licensed in PA, NJ and NY.

**From:** John Hanamirian
**Sent:** Monday, July 15, 2019 4:58 PM
**To:** Ellenbogen, Bennett
**Cc:** Tepperman, Wendy B. ; Gizzi, Paul
**Subject:** Re: American River Bankshares (NY-09615)

I've been quiet as I am continually educated about process, but respectfully, I know what I'm doing after 30 years. I know what and why I'm asking. I'll discuss with my client.


John M. Hanamirian
Hanamirian Law Firm, P.C.
40 Main Street
30 Wall Street
856-793-9092 (O)
215-660-0000 (M)
jmh@hanamirian.com


On Mon, Jul 15, 2019 at 4:49 PM -0400, "Ellenbogen, Bennett" <EllenbogenB@SEC.GOV> wrote:

John:

SEC staff, pursuant to a Formal Order of Investigation, is empowered to conduct non-public and confidential investigations. The SEC does not have "targets" in these investigations. The staff sent your client a subpoena for testimony on May 15, 2019 which obligates your client to testify under oath before the Commission.

Testimony pursuant to an investigatory subpoena is distinct from a proffer. The scope and use of proffered information is subject to the proffer agreement, while the scope and use, among other things, of investigative testimony is outlined in the Form 1662.

Ben

Bennett Ellenbogen
S.E.C.

---

**From:** John Hanamirian [mailto:jmh@hanamirian.com]
**Sent:** Monday, July 15, 2019 4:25 PM
**To:** Ellenbogen, Bennett
**Cc:** Tepperman, Wendy B.; Gizzi, Paul
**Subject:** RE: American River Bankshares (NY-09615)

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

It is the same Subpoena issued last year and we did a Proffer with you and the United States Attorneys' Office. So what are we doing now? We responded with the Proffer last go-around. If he is the subject or a target of an investigation at any level, given the history, we need to know that.



John M. Hanamirian, Esq.
Hanamirian Law Firm, P.C.
40 E. Main Street
Moorestown NJ 08057
*"Olde Town Hall"*
30 Wall Street
New York, NY 10005
856-793-9092 (O)
856-793-9121 (F)
215-660-0000 (M)
jmh@hanamirian.com
Licensed in PA, NJ and NY.

**From:** Ellenbogen, Bennett <EllenbogenB@SEC.GOV>
**Sent:** Monday, July 15, 2019 4:16 PM
**To:** John Hanamirian <jmh@hanamirian.com>
**Cc:** Tepperman, Wendy B. <TeppermanW@SEC.GOV>; Gizzi, Paul <GizziP@SEC.GOV>
**Subject:** RE: American River Bankshares (NY-09615)

John:
I am not exactly sure what you are asking. The testimony will be under oath and transcribed. I have attached another copy of the Supplemental Information Form 1662 I discussed in my prior email.

Ben

Bennett Ellenbogen
S.E.C.

---

**From:** John Hanamirian [mailto:jmh@hanamirian.com]
**Sent:** Monday, July 15, 2019 4:12 PM
**To:** Ellenbogen, Bennett
**Cc:** Tepperman, Wendy B.; Gizzi, Paul
**Subject:** RE: American River Bankshares (NY-09615)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ben:

I understand, but a Subpoena was issued in advance of the 2018 Proffer as well, so I understood that you were seeking to make a record. Since that is not the case, I will discuss it further with my client.



John M. Hanamirian, Esq.
Hanamirian Law Firm, P.C.
40 E. Main Street
Moorestown NJ 08057
*"Olde Town Hall"*
30 Wall Street
New York, NY 10005
856-793-9092 (O)
856-793-9121 (F)
215-660-0000 (M)
jmh@hanamirian.com
Licensed in PA, NJ and NY.

**From:** Ellenbogen, Bennett <EllenbogenB@SEC.GOV>
**Sent:** Monday, July 15, 2019 4:07 PM
**To:** John Hanamirian <jmh@hanamirian.com>
**Cc:** Tepperman, Wendy B. <TeppermanW@SEC.GOV>; Gizzi, Paul <GizziP@SEC.GOV>
**Subject:** American River Bankshares (NY-09615)

John:

Mr. O'Brien's statements made during the August 21, 2018 proffer were covered by the terms of the July 12, 2018 proffer agreement; and, as described therein, the agreement only covers statements made by Mr. O'Brien during his proffer. I refer you to the proffer agreement for its full terms and conditions.

Mr. O'Brien was subpoenaed to provide testimony under oath. As I am sure you are aware, among other things, a witness may refuse to answer a questions pursuant to the Fifth Amendment privilege against self-incrimination. If Mr. O'Brien intends to assert this privilege, I would appreciate you letting me know in advance. I refer you to the subpoena

4

and the Supplemental Information Form 1662 attached to his subpoena for a more detailed description of a witnesses' rights and obligations during his or her investigative testimony.

Ben

Bennett Ellenbogen
S.E.C.

---

**From:** John Hanamirian [mailto:jmh@hanamirian.com]
**Sent:** Wednesday, July 10, 2019 2:01 PM
**To:** Ellenbogen, Bennett; John Hanamirian
**Subject:** RE: American River Bankshares (NY-09615)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ben:

I wanted to confirm that the oral testimony James may provide pursuant to the most recently issued Subpoena (May 15, 2019); (1) is for the purpose of having a record of the oral testimony previously provided pursuant to the attached Proffer and the Subpoena that preceded that Proffer; and (2) that we each continue under the terms of that Proffer.



John M. Hanamirian, Esq.
Hanamirian Law Firm, P.C.
40 E. Main Street
Moorestown NJ 08057
*"Olde Town Hall"*
30 Wall Street
New York, NY 10005
856-793-9092 (O)
856-793-9121 (F)
215-660-0000 (M)
jmh@hanamirian.com
Licensed in PA, NJ and NY.

**From:** Ellenbogen, Bennett <EllenbogenB@SEC.GOV>
**Sent:** Thursday, July 12, 2018 5:03 PM
**To:** John Hanamirian <JMH@hanamirian.com>
**Subject:** RE: American River Bankshares (NY-09615)

John:
Please see attached.

5

Ben

Bennett Ellenbogen
S.E.C.

---

**From:** John Hanamirian [mailto:JMH@hanamirian.com]
**Sent:** Tuesday, July 10, 2018 5:54 PM
**To:** Ellenbogen, Bennett
**Subject:** RE: American River Bankshares (NY-09615)

Ben:

We can discuss the below when we provide the balance of the production. As I had said in the accompanying correspondence to what has been provided to date, the electronic discovery is not yet fully produced. In the vein of follow-up, I do not have a Proffer Letter. You had advised a Letter would be forthcoming when a date was set.



John M. Hanamirian, Esq.
Hanamirian Law Firm, P.C.
40 E. Main Street
Moorestown NJ 08057
*"Olde Town Hall"*
30 Wall Street
New York, NY 10005
856-793-9092 (O)
856-793-9121 (F)
215-660-0000 (M)
jmh@hanamirian.com
Licensed in PA, NJ and NY.

**From:** Ellenbogen, Bennett [mailto:EllenbogenB@SEC.GOV]
**Sent:** Monday, July 09, 2018 11:15 AM
**To:** John Hanamirian <JMH@hanamirian.com>
**Subject:** American River Bankshares (NY-09615)

Dear Mr. Hanamirian:

A review of the covering letter accompanying Mr. O'Brien's document production, and a targeted review of the documents, indicates a number of likely deficiencies in the production:

> A. No documents responsive to request number 3 ("All documents reflecting any communications—— including, without limitation, emails, instant messages, and text messages, whether stored on a computer, mobile device, server or elsewhere—between you and any other person relating to the Brokerage Firms during the Relevant Period") have been produced.

6

Can you confirm that in fact that Mr. O'Brien has no documents responsive to document request number three in his possession, custody, or control or, produce all responsive documents immediately. Conversely, if these documents have been provided, please provide the bates numbers for the documents that are responsive to document request number 3.

B. No documents have been produced that identify any email addresses used by Mr. O'Brien during the Relevant Period (document request number 4).

Please provide this information or confirm that Mr. O'Brien did not have any email addresses during the Relevant Period. Conversely, if these documents have been provided, please provide the bates numbers for the documents that are responsive to document request number 4.

C. No documents reflecting telephone calls or text messages (document request number 6) appear to have been produced.

Please provide this information immediately or confirm that Mr. O'Brien did not make any telephone calls and/or text messages during the Relevant Period. Conversely, if these documents have been provided, please provide the bates numbers for the documents that are responsive to document request number 6.

D. No documents reflecting any software programs, algorithms or hot keys used in connection with the trading during (document request number 7) appear to have been produced.

Please provide this information immediately or confirm that no software programs, algorithms or hot keys were used in the trading during the Relevant Period. Conversely, if these documents have been provided, please provide the bates numbers for the documents that are responsive to document request number 7.

In light of the above, please immediately produce all responsive documents, or confirm that all responsive documents in Mr. O'Brien's possession, custody, or control, have been produced.

Thank you,


Bennett Ellenbogen
S.E.C.

7