# Exhibit 12



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PROPERTIES, 200 VESEY ST., ROOM 400
NEW YORK, NEW YORK 10281

July 22, 2019

<u>VIA OVERNIGHT AND ELECTRONIC MAIL</u>

John M. Hanamirian
Hanamirian Law Firm, P.C.
40 E. Main Street
Moorestown NJ 08057
<u>jmh@hanamirian.com</u>

RE: <u>American River Bankshares (NY-09615)</u>

Dear John:

    We write to more formally address your position that Mr. O'Brien is not required to attend, and will not attend, his July 23, 2019 testimony in the above-referenced matter. As you know, a subpoena requiring Mr. O'Brien to testify at the SEC's New York Regional Office was issued on May 15, 2019 in this matter pursuant to authorization in a formal order of investigation the Commission issued pursuant to Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities and Exchange Act of 1934. The original date for testimony on the subpoena was June 18, 2019, and at your request the staff agreed to change the date for testimony to July 23, 2019. The SEC's Form 1662 was included with the subpoena setting forth information about testimony, uses of information, and rights of witnesses. Moreover, we note that: 1. you agreed to accept service for this subpoena, and 2. it was not until last week that you contacted the staff to raise any questions or issues.

    As communicated to you previously and as we stated during our July 19, 2019 phone call, the SEC's position is that the May 15, 2019 subpoena requires Mr. O'Brien's appearance and the proffer agreement executed on August 21, 2018 pertaining to a meeting on that date has no bearing on this obligation. This position is well in line with all relevant law on the subject. Pursuant to 15 U.S.C. § 78u(a)-(c) the SEC has broad authority to compel the attendance of witnesses in an investigation and may seek judicial enforcement of this investigative power if a witness refuses to obey a subpoena.

    A witness may only refuse to obey a subpoena if she can show it "is 'unreasonable' or was issued in bad faith or for an 'improper purpose,' or that compliance would be 'unnecessarily burdensome.'" *RNR Enters., Inc. v. SEC*, 122 F.3d 93, 97 (2d Cir. 1997) (quoting *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973)). Your suggestion that a prior proffer meeting would meet any of these criteria is not supported under the relevant law.

John M. Hanamirian
July 22, 2019
Page 2 of 3

      The terms of the proffer agreement do not in any way limit the SEC from seeking additional testimony through a subpoena at a later date and clearly sets forth that the agreement is limited to the August 21, 2018 meeting. As stated in the agreement itself, it "does not cover statements provided, including statements made, at any other time, regardless of format (e.g., oral, written, or recorded)." Additionally, the agreement further provides that "there are no other promises or understandings applicable to the [August 21] meeting, and that none will be entered into unless in writing and signed by the parties to [the] Agreement." The staff also clearly communicated in advance of entering into the proffer agreement that it would revisit the need for the subpoena for Mr. O'Brien's testimony after the proffer, as stated in a June 7, 2018 email to you.

      The SEC staff has now determined to seek Mr. O'Brien's testimony in this investigation, and there can be no serious dispute that it is relevant to the investigation. In this context courts generally defer to an "agency's appraisal of relevancy." *In re McVane*, 44 F.3d 1127, 1135 (2d Cir. 1995). Where an "agency inquiry is authorized by law and the materials sought are relevant to the inquiry, that burden [of showing unreasonableness] is not easily met." *Brigadoon*, 480 F.2d at 1056 (citations omitted).

      When a subpoena is validly issued, an opponent asserting improper purpose "has a heavy burden." *S.E.C. v. Knopfler*, 658 F.2d 25, 26 (2d Cir. 1981). The opponent may not defeat an administrative subpoena by merely "speculating as to what that supposedly improper purpose" was or by suggesting the agency "has already received certain documents." *Perez v. LaserShip, Inc.*, 2015 U.S. Dist. LEXIS 179247 at *13 (D. Conn. 2015) (quoting *Id.*). Similarly, conclusory allegations alone may not serve as a basis to find that a subpoena was issued in bad faith. *RNR Enters.*, 122 F.3d at 99 (citations omitted). You have not specified a basis to assert that the staff has an improper purpose or has acted in bad faith beyond the fact that there was a prior proffer by your client. However, the staff told you prior to the proffer that the staff may still require Mr. O'Brien to testify after the proffer meeting and the proffer agreement itself makes clear it applies solely to the August 21, 2018 meeting and that no other promises or agreements have been made.

      In addition, for a court to find that compliance with a subpoena would be unnecessarily burdensome, the opponent may not merely rely on conclusory allegations that it would take "a substantial portion of his time." *SEC v. Kaplan*, 397 F. Supp. 564, 571 (E.D.N.Y. 1975). Additionally, courts generally defer to agencies on the relevancy of the material they seek for their investigations *McVane*, 44 F.3d at 1135. Any argument that Mr. O'Brien has already given all information during a 3 hour proffer meeting or that it would take too much time for him to attend his testimony would not satisfy a finding of compliance being unnecessarily burdensome, particularly as until last week you had not raised any issue with attendance.

      Finally, as indicated to you on our July 19, 2019 phone call, and as set forth in the Form 1662 formally, your client "may refuse, in accordance with the rights guaranteed to [him] by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate [him]." To the extent your client seeks to assert his Fifth Amendment rights, courts have repeatedly noted that this does not override the obligation to attend and assert it in a particularized manner. See *Universitas Educ., LLC v. Nova Grp., Inc.*, 2016 U.S. Dist. LEXIS

John M. Hanamirian
July 22, 2019
Page 3 of 3

37988, at *18 (S.D.N.Y. 2016). "[W]hen a deposition is sought, the availability of the Fifth Amendment privilege does not mean that the witness need not attend the deposition." *Moll v. U.S. Life Title Ins. Co. of N.Y.*, 113 F.R.D. 625, 628-29 (S.D.N.Y. 1987) (citation omitted). As such, while your client is free to assert this right, it does not impact the requirement for him to attend the testimony and assert it in a particularized manner.

In our view, you have not provided the staff with a lawful justification for the eleventh-hour refusal by your client to appear for the subpoenaed testimony that was issued on May 15, 2019. In light of the relevant law we have set out above, and in order to avoid unnecessary judicial intervention, we expect your client to appear for testimony tomorrow. If your client fails to appear, we will note that failure on the record. However, if you ultimately reconsider and let us know by this Friday that Mr. O'Brien will attend, we would be willing to take his testimony at a mutually available time next week.

Sincerely,

Bennett Ellenbogen
Senior Counsel