UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Applicant,　　　　　　　　:　　19-MISC-468
　- against -　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　ECF CASE
JAMES DAVID O'BRIEN,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Respondent.　　　　　　　　:
------------------------------------------------------------------x

# SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION TO STAY PENDING APPEAL

Bennett Ellenbogen (ellenbogenb@sec.gov)
Paul G. Gizzi (gizzip@sec.gov)
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-1100

Attorneys for Applicant

January 28, 2020

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

PROCEDURAL HISTORY.......................................................................................................1

    I.    The Commission's Subpoena Enforcement Application................................................1

    II.    The Court's Order ..........................................................................................................2

    III.    O'Brien's Motion to Stay...............................................................................................3

ARGUMENT..............................................................................................................................3

    I.    This Court Has Jurisdiction to Decide O'Brien's Motion to Stay .................................3

    II.    The Court Should Deny O'Brien's Motion to Stay the Order Pending Appeal ............5

        A.    O'Brien has made no strong showing of a likelihood of success on the merits ............5

        B.    O'Brien will not be irreparably injured absent a stay ......................................................8

        C.    A stay will prejudice the Commission ............................................................................9

        D.    A stay will harm the public interest ..............................................................................10

CONCLUSION...........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Abrahams v. Inc. Vill. of Hempstead*, 390 Fed. Appx. 4 (2d Cir. 2010) ...........................................5

*Barcia v. Sitkin*, No. 79 Civ. 5831, 2004 WL 691390 (S.D.N.Y. Mar. 31, 2004)..........................5

*Compania Espanola De Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975)....4

*Doe v. SEC,* No. MC 11-80209 CRB, 2012 WL 78586 (N.D. Cal. Jan. 10, 2012) .........................4

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ..................................................4

*In re World Trade Center Disaster Site Litig.*, 503 F.3d 167 (2d Cir. 2007) ..................................5

*Jock v. Sterling Jewelers, Inc.,* 738 F. Supp. 2d 445 (S.D.N.Y. 2010) ........................................6, 7

*Kokesh v. SEC,* 137 S. Ct. 1635 (2017) ...........................................................................................9

*Mohammed v. Reno,* 309 F.3d 95 (2d Cir. 2002) ............................................................................5

*New York State NOW v. Terry*, 886 F.2d 1339 (2d Cir. 1989) .......................................................4

*Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983) ...............................................................................8

*RNR Enters., Inc. v. SEC*, 122 F.3d 93 (2d Cir. 1997).....................................................................2

*SEC v. Daspin,* 557 Fed. Appx. 46 (2d. Cir. 2014) .........................................................................5

*SEC v. Finazzo,* 543 F. Supp. 2d 224 (S.D.N.Y. 2008)...................................................................7

*SEC v. Finazzo*, No. M18-304, 2008 WL 1721517 (S.D.N.Y. Apr. 11, 2008) .............4, 5, 7, 9, 10

*SEC v. Finazzo*, 360 Fed. Appx. 169 (2d Cir. 2009) ...................................................................7, 9

*SEC v. Nields*, No. 04-D-2628, 2005 WL 8171861 (D. Colo. Aug. 3, 2005) .................................4

*Thapa v. Gonzales,* 460 F.3d 323 (2d Cir. 2006)............................................................................6

*United States v. Sweet,* No. 80-5046, 1980 WL 4702 (5th Cir. Jan. 31, 1980) ...............................8

**Statutes and Rules**

18 U.S.C. § 2462 ................................................................................................................................9

Fed. R. Civ. P. 62 ..............................................................................................................................4

Applicant Securities and Exchange Commission ("Commission") respectfully submits this memorandum of law in opposition to Respondent James David O'Brien's ("O'Brien") motion for a stay pending appeal of the Court's December 27, 2019 Order ("Order," Doc. No. 19), directing O'Brien to comply with the Commission's investigative testimony subpoena.  For the reasons set forth below, the Court should deny the motion.[1]

## PRELIMINARY STATEMENT

O'Brien has not shown (and indeed cannot show) that he has satisfied the stringent standard for a stay pending appeal of the Court's Order enforcing the Commission's investigative testimony subpoena.  O'Brien has not demonstrated any likelihood of success on the merits of his appeal, which will largely turn on a proffer agreement whose relevant terms the Court has found to be unambiguous.  Nor has he shown any irreparable harm absent a stay.  In the unlikely event he succeeds on appeal, he can move to preclude the admission of his investigative testimony at trial in any eventual Commission enforcement action against him.  Meanwhile, a stay pending appeal will delay the Commission's market manipulation investigation and harm the Commission and the public interest—particularly if the appeal is not resolved before the Commission's statute of limitations begins to run in September 2020 as to certain relief on potential claims against O'Brien.  The Court should thus deny O'Brien's motion.

## PROCEDURAL HISTORY

### I. The Commission's Subpoena Enforcement Application

The Commission filed its Application to institute this subpoena enforcement proceeding on October 18, 2019.  (Doc. No. 1.)  The Application sought an order directing O'Brien to

---

[1]    This brief uses the same short forms used in the Commission's opening and reply briefs (Doc. Nos. 2, 14).

comply with an investigative testimony subpoena the Commission staff had issued to him on May 15, 2019, in the Commission's nonpublic American River Investigation.  That investigation concerns potential market manipulation in the securities of American River Bankshares and other issuers.  (Doc. No. 2-3.)  In opposition to the Application, O'Brien primarily contended that the Commission had issued the testimony subpoena in bad faith, because the Commission's earlier proffer agreement with O'Brien precluded the Commission from taking O'Brien's testimony.  (Doc. No. 12-13.)  After the parties submitted briefs, the Court held oral argument and the parties filed supplemental submissions.  (Doc. No. 17-18.)

## II.     The Court's Order

On December 27, 2019, the Court issued the Order granting the Commission's Application and directing O'Brien to appear for testimony at the Commission's New York Regional Office by January 31, 2020.  The Order determined that the Commission had satisfied the four-prong standard set forth in *RNR Enters., Inc. v. SEC*, 122 F.3d 93 (2d Cir. 1997), for enforcement of the subpoena.  (Order at 4-8.)  As an initial matter, the Court noted that O'Brien challenged only the first of the four prongs:  "that the investigation will be conducted pursuant to a legitimate purpose."  (*Id.* at 4.)  The Order explained O'Brien's contention "that the Commission is acting in bad faith—and indeed, seeks to violate its own proffer agreement—by seeking to compel O'Brien to testify about subject matter that he already discussed within the protective sphere of the August 21[, 2018] proffer session and its corresponding agreement." (*Id.* (citing O'Brien Opp. 7-10).)

The Order concluded that the Commission was not acting in bad faith.  First, the Court determined that the proffer agreement only granted O'Brien limited "use" immunity.  (*Id.* at 4-6.) The Court explained:

2

> [W]hile the plain language of the proffer agreement precludes the Commission from directly weaponizing O'Brien's prior statements against him, it does not prevent the Commission from either using those prior statements to develop new evidence or retreading the ground it explored in the August 21 proffer session.

(*Id.* at 6.) Second, the Court concluded that there was no bad faith in the Commission repeating questions it had previously asked at the proffer session or asking about the same topics in investigative testimony. (*Id.* at 6-8.) The Order therefore ordered O'Brien "to appear for testimony at the Commission's offices…at a mutually convenient time on or before **January 31, 2020**." (*Id.* at 9 (emphasis in original).)

### III. O'Brien's Motion to Stay

After the Court's Order, the Commission contacted O'Brien's counsel to arrange a date for O'Brien's testimony by January 31, 2020. On January 6, 2020, O'Brien filed a Notice of Appeal. (Doc. No. 20.) Two days later, O'Brien submitted a letter proposing a briefing schedule on consent for his motion to stay. (Doc. No. 21.) On January 9, the Court memo-endorsed O'Brien's letter and adopted the briefing schedule but added: "The Court notes that the briefing schedule provides for the reply brief to be filed on the final day available for Respondent's testimony." (Doc. No. 22.) O'Brien then filed his motion to stay on January 14. (Doc. No. 23.)[2]

### ARGUMENT

### I. This Court Has Jurisdiction to Decide O'Brien's Motion to Stay.

As an initial matter, O'Brien incorrectly argues that this Court lacks jurisdiction to decide his motion to stay the Order. (Resp't's Mem. of Law in Supp. of Mot. to Stay Pending Appeal (Doc. No. 24, "O'Brien Br.") at 3.) While O'Brien's filing of a notice of appeal may mean that

---

[2] Because O'Brien's motion will not be fully briefed until January 31, as the Court pointed out in adopting his requested briefing schedule, the Commission would consent to adjourning O'Brien's date for testimony until February 28, 2020, if he seeks an adjournment.

the Court "is without jurisdiction to modify" the Order pending appeal, the filing "only divest[s] the District Court of jurisdiction with respect to the questions raised and decided in the order appealed from." *Compania Espanola De Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 972-73 (2d Cir. 1975) (order appealed from, determining that plaintiff agreed to arbitrate, did not divest district court of jurisdiction to consolidate two arbitrations). The Court's decision whether to stay the Order involves considering issues entirely separate from those the Order resolves.

Indeed, district courts faced with motions to stay orders enforcing (or refusing to quash) Commission investigative subpoenas pending appeal routinely conclude that Federal Rule of Civil Procedure 62(c) governs such stay motions directed to the district courts. *See, e.g., Doe v. SEC*, No. MC 11-80209 CRB, 2012 WL 78586, at *1 (N.D. Cal. Jan. 10, 2012) ("[A] party's filing of a notice of appeal generally divests the district court of jurisdiction over the matter being appealed…[y]et, it does not deprive a district court of jurisdiction over a motion for stay of its judgment or to grant an injunction pending appeal."); *SEC v. Finazzo*, No. M18-304, 2008 WL 1721517, at *2, 6 (S.D.N.Y. Apr. 11, 2008) (denying, under Fed. R. Civ. P. 62(c), respondent's motion to stay pending appeal an order enforcing an investigative subpoena); *SEC v. Nields*, No. 04-D-2628 (MJW), 2005 WL 8171861, at *1, 2 (D. Colo. Aug. 3, 2005) (same).

None of the cases O'Brien cites (O'Brien Br. at 3) reaches a different conclusion. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (in holding that under then-applicable Fed. R. App. P. 4 respondent's notice of appeal of a judgment was void because it was filed while a motion to alter or amend the judgment was pending, noting that filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal"* (emphasis added)); *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (appeal did not "divest[] the district court of

4

jurisdiction to proceed on the merits"); *Abrahams v. Inc. Vill. of Hempstead*, 390 Fed. Appx. 4, 5 (2d Cir. 2010) (Summary Order) (while district court lacked jurisdiction to dismiss action for failure to prosecute while defendants' appeal of denial of motion to dismiss was pending, court of appeals lacked jurisdiction to consider interlocutory appeal where qualified immunity defense was predicated on question of fact rather than law).

## II. The Court Should Deny O'Brien's Motion to Stay the Order Pending Appeal.

O'Brien bears a heavy burden, and he has failed to meet it. In considering a request to stay an order pending appeal, a district court should analyze four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) the public interest." *SEC v. Finazzo*, 2008 WL 1721517, at *2 (denying motion to stay order enforcing investigative subpoena) (citing *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)); *see also SEC v. Daspin*, 557 Fed. Appx. 46, 47-48 (2d Cir. Feb. 5, 2014) (Summary Order) (applying the same factors and denying appellant's motion to stay pending appeal a district court order enforcing an investigative testimony subpoena). While the balancing of these factors is flexible, *Finazzo,* 2008 WL 1721517, at *2 (citing *Mohammed v. Reno,* 309 F.3d 95, 101 (2d Cir. 2002)), "the 'burden of establishing a favorable balance of these factors is a heavy one and more commonly stay requests will be denied.'" *Id.* (quoting *Barcia v. Sitkin*, No. 79 Civ. 5831, 2004 WL 691390, at *1 (S.D.N.Y. Mar. 31, 2004)). O'Brien has failed to demonstrate any of these factors, as described in detail below.

### A. O'Brien has made no strong showing of a likelihood of success on the merits.

The showing of likelihood of success on the merits varies with the assessment of the other stay factors, particularly in relation to the amount of irreparable injury. *Mohammed*, 309

5

F.3d at 101. O'Brien cannot demonstrate that he is likely to succeed on the merits, because the Court applied the correct standard in enforcing the Commission's investigative subpoena (which O'Brien does not dispute) and correctly interpreted the proffer agreement's unambiguous terms.[3]

The Court's Order held that the Commission had not acted in bad faith in issuing a testimony subpoena to O'Brien because the plain language of the proffer agreement (covering an August 2018 meeting) provided O'Brien with "use" immunity—not a continued protection from having to appear for testimony covering the same subjects. (Order at 4-8.) Furthermore, the Court found that the proffer agreement could not reasonably be interpreted in any other way: "There is no ambiguity in the language," and, '[g]iven the clarity of the agreement's language, it is plain that the parties intended for the proffer agreement to provide use immunity, and nothing more." (Order at 5.)

In attempting to show a likelihood of success on appeal, O'Brien largely recycles the arguments he unsuccessfully made in opposing the Commission's subpoena enforcement application. (Compare O'Brien Br. at 6-11 with Doc. No. 12 at 4-16.) Yet O'Brien's primary argument appears to be that, because this is a "[c]ase of [f]irst [i]mpression," "that reason alone" demonstrates a likelihood of success on the merits. (O'Brien Br. at 5 (citing *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 446 (S.D.N.Y. 2010)).) O'Brien cannot show a likelihood

---

[3] O'Brien argues that he need only show "some possibility" of success on appeal because he "will be substantially and irreparably injured in the absence of a stay." (O'Brien's Br. at 4 (citing *Thapa v. Gonzales,* 460 F.3d 323, 336 (2d Cir. 2006)).) O'Brien's reliance on *Thapa* is misplaced. In *Thapa,* an immigration case involving a Nepali citizen's voluntary departure from the United States, the Second Circuit determined that it was appropriate to require the petitioner to show only "some possibility" of success because "the balance of hardships tips decidedly in [his] favor." 460 F.3d at 336. The Second Circuit explained that the petitioner would suffer irreparable harm because, absent a stay, he would be in a "catch-22" situation: regardless of whether he voluntarily departed, or remained and sought adjustment of status, he would automatically be ineligible to be lawfully present in the United States for ten years. *Id.* O'Brien faces no such hardship—as described below in Section II.B—that would merit applying the lower standard of merely "some possibility" of success.

6

of success on this ground, as set forth below. As an initial matter, O'Brien's bad faith argument does not *create* an issue of first impression simply by advocating that a court should interpret an agreement in a manner that contradicts its plain, unambiguous terms. Indeed, O'Brien's argument appears to conflict with the interpretation of every other similarly situated subpoena recipient, to the Commission's present knowledge. (*See* Doc. No. 17 (listing at least 65 instances in which the Commission, without litigation, obtained investigative testimony or a Fifth Amendment assertion from a witness who had previously entered into a proffer agreement)).

In ruling on a similar motion seeking to stay a subpoena enforcement order pending appeal, Judge Wood (sitting in Part 1) concluded that the respondent had failed to demonstrate a likelihood of success on the merits even though, there, the case presented a novel issue. *Finazzo*, 2008 WL 1721517, at *2.[4] The respondent had argued that the subpoena was issued in bad faith or for an improper purpose, because the respondent's employer's disclosure of information— which the respondent claimed was privileged—had triggered the Commission's investigation. *Id.* The court determined that, "[a]lthough the precise issue raised by [r]espondent is one of first impression in the Second Circuit, the Court concludes that [r]espondent is unlikely to satisfy his burden of showing that the…subpoena was issued in bad faith or for an improper purpose." *Id.* The court further noted that "the novelty of the legal issue on the merits is not dispositive of the likelihood of success on the merits factor." *Id.* at *4 n.3.

Furthermore, O'Brien's reliance (O'Brien Br. at 5) on *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445 (S.D.N.Y. 2010), is misplaced. In *Jock*, the court reasoned that the movant had shown a likelihood of success because the "appeal presents an issue of first impression that

---

[4] On March 26, 2008, Judge Baer (sitting in Part 1) issued the order Judge Wood later declined to stay. *See SEC v. Finazzo*, 543 F. Supp. 2d 224 (S.D.N.Y. 2008), *aff'd*, 360 Fed. Appx. 169 (2d Cir. 2009).

7

relates to the application of a newly minted rule by a sharply divided Supreme Court." 738 F. Supp. 2d at 447.  No such novel issue or rule exists here:  in issuing the Order, the Court relied largely on the unambiguous language of the proffer agreement and on the Supreme Court's decision in *Pillsbury Co. v. Conboy*, 459 U.S. 248 (1983), over 35 years ago.  In sum, O'Brien has failed to make any showing—much less the required strong showing—that he is likely to succeed on appeal.

      **B.**      **O'Brien will not be irreparably injured absent a stay.**

O'Brien next argues that he will suffer irreparable injury absent a stay because he will be required "to testify under the terms of the Order," and that a reversal on appeal "will not return O'Brien to the position he previously occupied because, absent a stay, O'Brien will have already testified and suffered the consequences of the breach of the Proffer Agreement." (O'Brien Br. at 11.)  O'Brien's argument has no merit.

If the Second Circuit were to reverse this Court's Order and decide that the proffer agreement protected O'Brien from having to testify, as O'Brien contends, O'Brien would have suffered no irreparable harm by having appeared for testimony in the interim.  If O'Brien were to testify substantively, O'Brien could seek to preclude the admission of his investigative testimony in any eventual Commission enforcement action against him.

For this reason, courts have repeatedly held that the provision of information pursuant to an administrative subpoena or a summons does not constitute irreparable harm for purposes of a stay pending appeal. *See, e.g., United States v. Sweet*, No. 80-5046, 1980 WL 4702, at *1 (5th Cir. Jan. 31, 1980) ("The alleged injury is not irreparable for nothing contained herein, of course, constitutes a ruling concerning the admissibility or inadmissibility in evidence of any documents that may be produced pursuant to the summons or of any evidence that might be discovered as a

result of their production."); *Finazzo*, 2008 WL 1721517, at *4 ("[T]he compelled production of non-privileged documents in response to an administrative subpoena does not constitute irreparable injury warranting a stay pending appeal.") (citing *Sweet* and other cases); *cf. SEC v. Finazzo*, 360 Fed. Appx. 169, 171 (2d Cir. Oct. 8, 2009) (Summary Order) (affirming March 27, 2008 order enforcing the Commission's investigative subpoena and noting that respondent "will have an opportunity…to litigate issues relating to the admissibility of relevant evidence" if the Commission filed a lawsuit against him).

### C.    A stay will prejudice the Commission.

O'Brien finally argues that the balance of equities favors a stay and that the "Commission has never asserted a need for urgent action." (O'Brien Br. at 11.) In fact, the statute of limitations begins to run in mid-September 2020 for certain remedies on any potential Commission claims against O'Brien for violations of the federal securities laws. A stay pending appeal will therefore prejudice the Commission and, as set forth in Section II.D below, the public interest.

The conduct at issue in the Commission's investigation began in mid-September 2015.[5] Commission claims for disgorgement and civil penalties in enforcement actions are subject to the five-year statute of limitations set forth in 18 U.S.C. § 2462. *See Kokesh v. SEC,* 137 S. Ct. 1635, 1640-41, 1645 (2017). While O'Brien suggests that the delay occasioned by his appeal will only be "a few months," the appeal may not be resolved that quickly. *See, e.g., Finazzo*, 360 Fed. Appx. at 170 (Summary Order issued on October 8, 2009 affirming subpoena enforcement

---

[5]    At the oral argument in this matter, Commission counsel alluded to the statute of limitations in response to a question from the Court about the timing of a requested supplemental submission and any decision on the issue. (*See* Tr. at 44.) While the Commission initiated the American River Investigation in December 2016 (Doc. No. 3, Ellenbogen Decl. ¶ 3), the trading at issue began in mid-September 2015.

order issued on March 27, 2008). Delaying O'Brien's testimony until the appeal is resolved will therefore prejudice the Commission and its investigation.

> D. **A stay will harm the public interest.**

In conclusory fashion, O'Brien asserts that a stay "will not harm any public interest." (O'Brien Br. at 11.) However, "there is a significant public interest in allowing government agencies, like the [Commission], to enforce federal securities laws." *Finazzo*, 2008 WL 1721517, at *5 (citation omitted). The public interest therefore lies in the Commission being able to complete its investigation into potential violations of the federal securities laws. Particularly where a statute of limitations begins to run in less than nine months, the public interest merits denial of O'Brien's motion to stay the Order.

## CONCLUSION

For these reasons, the Commission respectfully requests that the Court deny O'Brien's motion to stay the Order.

Dated: January 28, 2020
New York, NY

SECURITIES AND EXCHANGE COMMISSION

By:   /s/ Bennett Ellenbogen
      /s/ Paul G. Gizzi
      _____
      Bennett Ellenbogen (ellenbogenb@sec.gov)
      Paul G. Gizzi (gizzip@sec.gov)
      Securities and Exchange Commission
      New York Regional Office
      200 Vesey Street, Suite 400
      New York, NY 10281-1022
      (212) 336-1100

      Attorneys for Applicant