UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                            Applicant,<br><br>               -v.-<br><br>JAMES DAVID O'BRIEN,<br><br>                            Respondent. | 19 Misc. 468 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On January 11, 2021, the Second Circuit issued a decision affirming the Court's Order of December 27, 2019, in this matter. *See Sec. & Exch. Comm'n v. O'Brien*, No. 20-37, 2021 WL 79158 (2d Cir. Jan. 11, 2021) (summary order). On February 12, 2021, Respondent moved the Court to extend the stay of the Court's Order of December 27, 2019, pending the decision of the United States Supreme Court on Respondent's forthcoming petition for a writ of certiorari. (Dkt. #34). Respondent separately moved the Second Circuit to stay the issuance of its mandate pending the resolution of his forthcoming certiorari petition on March 3, 2021. (No. 20-37, Dkt. #97). On March 10, 2021, the Court denied Respondent's motion without prejudice to its renewal following the issuance of the Second Circuit's mandate. (Dkt. #39). And on March 24, 2021, the Second Circuit denied Respondent's motion and proceeded to issue the mandate. (No. 20-37, Dkt. #105, 106).

On March 26, 2021, Respondent filed the instant application to renew his motion to extend the stay of the Court's December 27, 2019 Order. (Dkt.

#41-43). Applicant opposed the application on April 9, 2021 (Dkt. #44), and briefing was completed with the submission of Respondent's reply on April 16, 2021 (Dkt. #45).

In the instant motion, Respondent argues that the bases for the Court's stay of its December 17, 2019 Order remain in place. (Dkt. #42 at 5). In particular, Respondent observes that he continues to consent to a tolling of the statute of limitations, and that at the time he provided this consent, he understood that the statute of limitations would remain tolled during the pendency of "*any appeal.*" (*Id.* at 5-6 (referencing Dkt. #33)). However, Respondent ascribes unintended significance to the Court's February 21, 2020 endorsement of his February 19, 2020 letter consenting to the tolling of the statute of limitations "during the pendency of any appeal." (Dkt. #32-33). In granting Respondent's motion for a stay, the Court's goal was merely to preserve the *status quo* during the pendency of Respondent's appeal to the Second Circuit. Indeed, the Court's endorsement made clear that it questioned whether it retained jurisdiction over the proceedings following the filing of Respondent's notice of appeal. (*See* Dkt. #33). The Court disagrees that Respondent could have reasonably inferred that it intended the stay to persist past the Second Circuit's resolution of the appeal, as the Court's focus remained limited to preserving the issues raised in this action for the Second Circuit's consideration. (*See* Dkt. #30, 33).

The Second Circuit, which conducted the most recent examination of this matter, saw no basis for a stay. Neither does this Court. Respondent's motion

is accordingly DENIED.  Moreover, the stay of the Court's December 27, 2019 Order is lifted.  Respondent is thus ORDERED to appear for testimony at the Applicant's offices in the New York Regional Office in response to the Applicant's subpoena at a mutually convenient time on or before **May 28, 2021**.  As noted in the Court's December 27, 2019 Order, in the event that Respondent does not appear for his testimony by the date specified above, the Applicant will have established a *prima facie* case of civil contempt against Respondent and Respondent may be held in civil contempt for failure to comply with this Court's Order without further notice of hearing.

    The Clerk of Court is directed to terminate the motion at docket entry 41.

    SO ORDERED.

Dated:   April 22, 2021
          New York, New York

                                                KATHERINE POLK FAILLA
                                                United States District Judge